# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5445 | **DATE** | 12/6/2012 |
| **CASE TITLE** | *Regains vs. Robert* | | |

**DOCKET ENTRY TEXT**

Mr. Regain's motion for an extension of the time in which to appeal [Dkt. 39] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 27, 2012, the court issued an order denying pro se petitioner Paul Regains' request for relief under 28 U.S.C. § 2254 as well as a separate memorandum opinion and order. Judgment was entered on June 28, 2012. Mr. Regains' notice of appeal is dated September 7, 2012, and does not declare that postage was prepaid. It was filed on September 14, 2012. In his notice of appeal, Mr. Regains states that he received a copy of the court's order denying § 2254 relief "in July of 2012 pursuant to Rule 58 (F.R.Civ.P) with no opinion." Dkt. 29. He also stated that he was rearrested on July 18, 2012, and once he was incarcerated, he filed his notice of appeal as soon as he could given his limited ability to access a law library. The Seventh Circuit noted that the appeal appeared to be untimely and ordered jurisdictional memoranda. *See Regains v. Bradley*, Case No. 12-3127. In response, on October 18, 2012, Mr. Regains filed a motion with this court seeking an extension of the time to appeal based on the impact that his incarceration at the Cook County Jail on his ability to prosecute his appeal. In that motion, Mr. Regains alleges that "[a]s stated in Petitioner notice of appeal" he "did not receive the order, under Rule 58, until July 7th." Dkt. 39. The certificate of service for the motion for an extension states that it was mailed from the Cook County Jail on October 12, 2012, but does not state that postage was prepaid.

Rule 4 of the Federal Rules of Appellate Procedure governs motions for an extension of time to appeal. Specifically, to grant an extension under Rule 4(a)(5), the party seeking the extension must seek relief "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). The notice of appeal was due thirty days after entry of judgment, or by July 27, 2012. Fed. R. App. P. 4(a)(1)(A). Mr. Regains took no action within thirty days following July 27, 2012, even when the court gives him the benefit of the earliest possible date (September 7, 2012, the date that he signed his notice of appeal). Thus, he is not entitled to relief under Rule 4(a)(5).

Alternatively, the court may reopen the time to appeal under Fed. R. App. 4(a)(6) if a movant, among

**STATEMENT**

other things, can show that he "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Mr. Regains states that he received the order denying § 2254 relief on July 7, 2012, well within twenty-one days after the June 28, 2012, entry of judgment. Thus, he is ineligible for relief under Fed. R. App. P. 4(a)(6).

      In sum, the court has construed Mr. Regains' pleadings liberally given his pro se status (although it notes that this is not his first federal case, *see Regains v. Burris*, 94 7697 (§ 2254) and *Regains v, Sheahan*, 03 C 8005 (§ 1983)). Nevertheless, he is not eligible for an extension of the time in which to appeal. Thus, his motion for an extension [Dkt. 39] is denied.